UNITED STATES v. BRAND.

(District Court, S. D. New York. February 5, 1916.)

1. INDICTMENT AND INFORMATION ☞110—FOLLOWING LANGUAGE OF STATUTE —TRANSPORTATION OF WOMEN FOR IMMORAL PURPOSES.

Counts in an indictment for violations of White Slave Traffic Act June 25, 1910, c. 395, §§ 2, 3, 36 Stat. 825, *held* substantially in the language of the statute, and sufficient.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. ☞110.]

2. INDICTMENT AND INFORMATION ☞110—FOLLOWING LANGUAGE OF STATUTE.

It is elementary that, where certain acts or things are denounced by a statute as constituting a crime, an indictment founded upon such statute, which follows substantially the language of the statute, is good.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. ☞110.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. PROSTITUTION ☞1—OFFENSE—TRANSPORTATION OF WOMEN FOR IMMORAL PURPOSES.

White Slave Traffic Act, § 2, provides that any person who shall knowingly aid in transporting in interstate commerce any woman or girl with the intent to entice or compel her to become a prostitute or to give herself up to debauchery, or who shall knowingly aid in procuring transportation to be used by any woman or girl in interstate commerce with such intent, whereby any such woman or girl shall be transported in interstate commerce, shall be guilty of a felony. Section 3 provides that any person who shall knowingly persuade, etc., any woman or girl to go from one place to another in interstate commerce with intent that she shall engage in prostitution, etc., and who shall aid in causing her to go as a passenger of any carrier in interstate commerce, shall be guilty of a felony. Held, that it is not an element of the offenses denounced that the intent to subject the girl to debauchery shall be consummated by the commission of a specific act of prostitution or debauchery by her:

[Ed. Note.—For other cases, see Prostitution, Cent. Dig. §§ 1, 2; Dec. Dig. ☞1.]

Katherine Brand was indicted for offenses, and she demurs to the indictment. Demurrer overruled.

Harold A. Content, Asst. U. S. Atty., of New York City, for the United States.

John F. McIntyre, of New York City, for defendant.

CLAYTON, District Judge. This morning, at the opening of the court, the defendant interposed a demurrer to the indictment in the case of United States of America v. Katherine Brand, charged with having violated the White Slave Traffic Act, commonly known as the Mann Act. I have decided the matter, and desire the following memorandum opinion to be put in the record. I have not had time to write an opinion, but now dictate it.

This case is submitted upon the demurrer of the defendant to the indictment. The demurrer, which is reduced to writing, is a general demurrer, and does not meet the requirements of correct practice in the federal courts. The defendant's attorney, however, in his oral presentation of the matter to the court, specified his ground of demurrer to the indictment; that is, the defendant demurs to the indictment because the defendant contends that the indictment is defective, in that it fails to allege that the intent of the defendant was consummated by the commission of a specific act of prostitution or debauchery. And I have heard the argument of counsel in behalf of the defendant on the demurrer, and of the counsel for the government, Assistant District Attorney Content, in opposition—no point having been made as to the form of the demurrer.

[1] The indictment has three counts. The first two counts are predicated upon section 2 of the White Slave Traffic Act, or the Mann Act. The third count is predicated upon section 3 of the act. Referring first to count 1 of the indictment, an examination shows that this count substantially follows in its averment the language of the law. I quote from section 2 of the act the language pertinent for proper consideration of count 1 of the indictment:

"That any person who shall knowingly * * * aid or assist in obtaining transportation for, or in transporting, in interstate or foreign commerce, *. * * any woman or girl * * * with the 'intent and purpose to in-

duce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice."

This count, the first count of the indictment, charges that the defendant—

"did unlawfully, willfully, knowingly, and feloniously aid and assist in obtaining transportation for and in transporting in interstate commerce, to wit, from the city of Dayton, in the state of Ohio, to the city of New York, in the state of New York, in the Southern district of New York, a girl of the name of Annie Planner, with the intent and purpose to induce the said Annie Planner to become a prostitute and to give herself up to debauchery and to engage in other immoral practices," etc.

If the statute and the indictment be put in parallel columns, it will be readily seen that the indictment follows, as I have said, substantially the language of the statute. Of course, it is elementary to say that, when a statute denounces certain acts as an offense, an indictment, as a general rule, which follows the language of a statute, is a good indictment.

As to the second count, which is also predicated upon section 2 of this act, all of the language of the statute, applicable to this count, is as follows:

"Or who shall knowingly * * * aid or assist in procuring or obtaining any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl in interstate or foreign commerce, * * * with the intent or purpose on the part of such person to induce, entice, or compel her to give herself up to the practice of prostitution, or to give herself up to debauchery, or any other immoral practice, whereby any such woman or girl shall be transported in interstate or foreign commerce, * * * shall be deemed guilty of a felony. * * *"

And the language of this second count is that the defendant—

"did unlawfully, willfully, knowingly, and feloniously aid and assist in procuring and obtaining a ticket to be used by a girl of the name of Annie Planner in interstate commerce, to wit, from the city of Dayton, in the state of Ohio, to the city of New York, in the state of New York, in the Southern district of New York, in going to the said city of New York, in the state of New York, in the district aforesaid, with the intent and purpose on the part of the said Katherine Brand [the defendant] to induce and entice the said Annie Planner to give herself up to the practice of prostitution, and to give herself up to debauchery and other immoral practices, whereby the said Annie Planner was transported in interstate commerce from the city of Dayton, in the state of Ohio, to the city of New York, in the state of New York, in the Southern district of New York," etc.

And the third count is predicated upon section 3 of the act, the pertinent language of which I quote:

"That any person who shall knowingly persuade, induce, entice, or coerce, or cause to be persuaded, induced, enticed, or coerced, or aid or assist in persuading, inducing, enticing, or coercing any woman or girl to go from one place to another in interstate or foreign commerce, * * * with the intent and purpose on the part of such person that such woman or girl shall engage in the practice of prostitution or debauchery, or any other immoral practice, whether with or without her consent, and who shall thereby knowingly cause or aid or assist in causing such woman or girl to go and to be carried or transported as a passenger upon the line or route of any common carrier or carriers in interstate or foreign commerce, * * * shall be deemed guilty of a felony. * * *"

229 F.—54

The language of this count, the third count of the indictment, is that Katherine Brand, the defendant—

"did unlawfully, willfully, knowingly, and feloniously persuade and induce, and cause to be persuaded and induced, a girl of the name of Annie Planner to go from one place to another in interstate commerce, to wit, from the city of Dayton, in the state of Ohio, to the city of New York, in the state of New York, with the intent and purpose on the part of said Katherine Brand [the defendant] that the said Annie Planner should engage in the practice of prostitution and debauchery and other immoral practices, and unlawfully, willfully, and feloniously did thereby cause and aid and assist in causing the said Annie Planner to go and to be carried and transported as a passenger on the line and route of a common carrier and carriers in interstate commerce, to wit, from the city of Dayton, in the state of Ohio, to the city of New York, in the state of New York, in the Southern district of New York," etc.

It will be seen that this count follows substantially the language of the statute.

[2] As I have said, it is elementary, where certain acts or things are denounced by a statute as constituting a crime or an offense, an indictment founded upon such statute, which follows substantially the language of the statute, is good. As indicated, I find that in this case the indictment follows substantially the language of the statute, and in that view of the case the indictment is good.

[3] It is urged, however, by the defendant, that the indictment is defective, in that it fails to allege that the intent of the defendant to subject the girl to debauchery was consummated by the commission of a specific act of prostitution or debauchery on the part of the girl, Annie Planner, the subject of the interstate commerce. But the statute does not make that an element of the offense. Congress had in mind the purpose to prevent the abuse of interstate commerce by the transportation therein of a woman or girl for prostitution or other immoral purposes. Of course, the power of Congress over interstate commerce is plenary. This act was passed in pursuance of this power of Congress to regulate interstate commerce, and by this act Congress regulated commerce, so far as this particular case is concerned, by prohibiting the transportation in interstate commerce of a woman or girl for immoral purposes. It is not necessary in an indictment for violation of this statute to go beyond the language or purpose of the statute. The purpose was to prevent the transportation of women and girls for immoral purposes, and the language of the statute goes no further than that. The act does not require the government's pleading to charge that the woman or girl, transported in violation of this law, was actually subjected to debauchery, or that she did actually engage in prostitution. It may be observed, however, though not pertinent to the decision of the question here submitted, that debauchery or prostitution generally follows from the transportation of women and girls, where they are transported in interstate commerce for immoral purposes.

The demurrer, therefore, is overruled, and the order will be entered accordingly.